Good morning. May it please the court, counsel, for the government. With respect to the issue of the lesser-included instruction that was denied by the district court, the basis for the denial was the district court's position and the government's position that there had been physical contact. I requested two lesser-included, one assault on a federal agent without a gun, that was given, and the misdemeanor assault that involved no physical contact. Now, the facts in this case obviously differed depending on who testified. Focusing on the appellant's testimony at trial, he claimed that he was the one that was being assaulted, that he was the one that was tackled, that any contact he had with the agent in this case was simply to stop that. During the jury instruction settlement conference, when I requested the simple assault instruction, the district court said, well, even according to your client's testimony, there was physical contact. And, of course, we have those cases that indicate if there is physical contact, the simple assault misdemeanor is not appropriate, and indicated that under the facts he was not going to give it. I then ---- What does that ---- physical contact means? Any kind of touching? Well, I don't think so. I think what it means is that the contact on the part of a defendant was intended to certainly frighten the agent, so you have to have that type of intent. I don't think it covers the type of contact that the defendant claimed occurred in this case. All right. But what the judge also said was that if you ---- you had a self-defense defense, and if the judge ---- if the jury bought it, then you'd be acquitted. So what was the point? So on what theory could you have not been acquitted and ---- of the main crime and still be convicted of the simple assault? And I was getting to that exact same point. During the conference that we had on instructions when the Court said it would not instruct on simple assault, I asked him this question, quote, let's assume that the jury finds two things with respect to the force that my client used, that he did so in self-defense, but let's assume for some reason they also find that he threatened to use a weapon and never did. Remember, unquote, the agent said at one point during this incident, the appellant told him, I'm going to take your gun. The only reasonable conclusion that a person can use or arrive at under those circumstances is that he's going not only to take it, but intends to use it. The agent also testified that that comment made by appellant frightened him to the point that he thought that could possibly happen under the circumstances because they were in a struggle. Plus, he also testified that your client dove for his legs, and as I understand it, didn't actually succeed, and they failed because he was sort of off kilter at that point or something. I don't understand that when he dove for his legs, he actually hit his legs. It's not clear. Another time when he could have had an assault without a contract. That's correct, because according to the agent, when he dove at his legs, the agent grabbed him and threw him over him. It was unclear from the testimony that he actually struck him at that point, he being appellant. But in any event, when I pose that particular situation from the one statement, of course, that was a statement made by the agent in this case in terms of the misdemeanor. I asked the Court, aren't those facts, if they assume that it was self-defense to some extent, but assume that he also threatened to take the agent's gun given the testimony, isn't that a misdemeanor simple assault? It clearly is. The Court said no, but it is because under the circumstances of the case, you have a threat to take a gun, a statement that he's going to do that, and the agent admitting on the stand that it frightened him and he was concerned under the circumstances that appellant could actually do that. That's a misdemeanor if it didn't actually happen. And if that wasn't in self-defense? Correct. It has nothing to do with self-defense, because the only time that appellant testified that he was defending himself had to do with trying to stop from being hit by the butt of the gun. And again, there was also testimony about that from another individual who happened to be his cousin concerning that incident. However, here we have a conviction on the most severe offense. Yes. We don't have a conviction on the offense that involves just physical contact and give the guy the middle ground. We have the conviction on the most severe offense. The jury convicted your client of the offense that included the gun. True. And, therefore, they rejected the middle ground. They rejected even having the physical contact that would support even a felony without the gun. So what error is there, harmless it seems to me, that one doesn't have an assault offense, even if I agree with you in your argument, that one should go and include a lesser-included offense? Because we had a lesser-included offense that could have given them an out, but they chose the one with the gun. I agree. But that's no different than any other case where a lesser-included offense instruction that should have been given is denied and a conviction is returned on a greater offense. That's the question. Is that subject to harmless error? I don't think so. Why not? Because the jury under due process is entitled, if the lesser is appropriate, to consider that in part. What is the case law about that question? The cases have always said, and if you look, for example, in United States v. Estrada Fernandez, that was a case in a jail context where an inmate allegedly assaulted a Federal agent with a broomstick. There were two defendants in that case. But with respect to the one where the conviction was reversed, the defendant testified in that case that he never used the stick, in addition to the fact that he never struck the agent at all. The Court denied the instruction at the district court level. The Court of Appeals, Ninth Circuit, this Court reversed, saying that under the circumstances, the jury was entitled to consider whether or not he had actually used the stick first, and secondly, whether or not that was even a dangerous weapon. I guess I didn't see in Estrada Fernandez the harmless error analysis. I have a second question. Really, what we're really talking about here is how do you differentiate your argument from U.S. v. Torres Flores, where it says that if the jury could have convicted the defendant of the misdemeanor without also finding that his conduct encompassed the element that would convert it to the crime of felony, that that would be it? Are you suggesting that there is any conduct here that we could get from this evidence such that there was not physical contact? Yes. I mean, both parties suggested there was physical contact. Yes, but... And both parties suggested that that physical contact was something that happened. All you're suggesting is that there's an element or a theory of proof as to other things that have been happening with that testimony which might give them less, and now you're suggesting that when the jury convicted of not even just the physical contact, but with the gun, that that isn't harmless error. That's correct. That's a little different. And you find the harmless error analysis unacceptable on Estrada Fernandez. Is that your case? I haven't, yes. I haven't seen the harmless error analysis engaged in in cases where a court concludes that the facts of a given case compelled the giving of a particular lesser included instruction. You see an analysis when there's no objection or no request, when the analysis is for plain error, but never in cases where there's been a request that's been denied have I seen a harmless error analysis. It's never been applied. I haven't seen a case that does that. I'd like to spend a... My understanding is that harmless error is applicable. The question is whether it's constitutional harmless error or nonconstitutional harmless error. Do you have any authority for the proposition that harmless error is not applicable? I don't have any authority for the proposition that it is. I've never seen it. What courts have always done is... I thought the cases have acknowledged that it was applicable, but have doubted or have not resolved whether it's constitutional or nonconstitutional harmless error. I'm not familiar with that. I've seen a similar analysis in cases where there's been no request when the analysis is for plain error, but that's not the case here. Finally, in terms of the sentencing enhancer, again, the court in this case found the official victim status, essentially concluding that Appellant's conduct was motivated by the fact that he was a Federal agent, a Border Patrol agent. On the contrary, the evidence in this case doesn't compel that conclusion. The fact of the matter is Mr. Rivera-Alonzo didn't target this agent. In fact, he wanted nothing to do with him. When he was coming into the United States illegally, the last thing he wanted to encounter was a Border Patrol agent he was trying to avoid. I mean, that's actually a sort of clever and maybe de novo good argument, but aren't the cases just directly against him? No. The case cited by the government here, at least at the sentencing stage, is also cited by me for the proposition that they're wrong. And that's the Sanchez case. Because if you look at that case, the critical fact in that case is that the defendant in that case felt he was being persecuted by Border Patrol agents. He harbored a belief that they were after him because of his nationality. And if you look at that case, his conduct was motivated by that belief, the attack on the agent in terms of the striking of the vehicle, the punching in the face with a simultaneous statement that I am not a wetback. All that clearly points to his motive in that case. We don't have that here. Aren't we really talking about clear error review on this? And if we're talking about clear error review, we have a lot of facts in this particular case that would suggest that the enhancement was applicable. Don't we? Agent was wearing the uniform, driving a Border Patrol car. Your client testified when he saw the Border Control car. He started running faster. He looked at the agent when he was told to stop.  He tried to take the gun from the agent. I mean, I could go through several facts, which I, which I saw in the record, and I'm looking for clear error now. There's a distinction between knowing that he is a Federal agent, in this case a Border Patrol agent, and targeting that person because of what he is. Well, why is that? Because obviously he doesn't want to get arrested. He was going to be arrested by the agent. Yes. He doesn't have to have a malevolent feeling about the Border Patrol. He just wants to get away from the man who arrested him. I disagree. I think the point of the enhancement is that his conduct is motivated by whatever compelling reason or fact he has against that type of person. That's ridiculous. The statute is trying to protect the enforcement agent. And it's the person reacting against an enforcement agent who is penalized. Well, in the guidelines, you have a guideline, and I think it's under 2A.1, where you have a government as a victim, and there's an enhancer there. But this is different because this is motivated against a certain type of agent. There's a distinction between the two. That's your reading. Okay. Thank you. Thank you very much. May it please the Court. My name is Carla Hodes-Delore. I'm an Assistant U.S. Attorney representing the United States in this matter. The District Court did not abuse its discretion when it denied defendants requested jury instruction on the lesser-included offense of simple assault. As several circuit courts have held, that simple assault does not involve physical assault. Do we have a Ninth Circuit case saying that? No. I have not found a Ninth Circuit case that has said that. There's been a Ninth Circuit case that has held that mere – I'm sorry. The Ninth Circuit case, the closest it's come to addressing this issue, is in United States v. Chapman. And in that case, the defendant in that case was trying to – was cutting in line about going across the border. The agents wanted to pull him aside, and then they decided to arrest him, and he tensed up. And in that case, this Court held that you could not charge him with simple assault because merely tensing up was – did not – didn't rise to the level of simple assault. And so he couldn't be convicted there. But this specific – It's one thing to say that the aggravated assaults require contact, but it's another thing to say that simple assault requires no contact. I mean, that's unusual. Ordinarily, assault, you know, includes – assault focuses or – you can be convicted of assault without contact, but that doesn't mean that the contact negates the simple assault. That seems like an odd rule to me. Well, it's the way the statute under which he was convicted is divided into the three separate offenses. They have the simple assault, which is the misdemeanor, and then the two felonies based on the in-all-other-cases language and the weapon or bodily injury. And that statute under which he's been convicted has since been amended to do away with the all-other-cases language. But the fact here – But isn't it so – and are you still answering, Judge? Isn't it so that there isn't any assault definition in any statute? That is correct. And therefore, in order for us to determine what assault is, we have to look at the common law definition. Isn't that what Chapman's really after? That is correct, yes. And that's the one, the simple assault is the crime committed by the attempt or the threat coupled with the presentability, but it causes only an apprehension of immediate bodily harm. That's what we're really looking at with assault, are we not, under Chapman? Correct. That is correct. And here, what happens is the defendant, because he testified that he had physical contact with the agent, the defendant in this case was either guilty of assault or guilty of assault. Aren't people convicted of assault under State statutes all the time when there actually was contact? Because before there was contact, there was also the threat of the contact, and they're simply essentially convicted of the lesser-included offense, i.e., the activity before the actual contact. So that's why I'm having a hard time seeing why simple assault means there was no contact as opposed to the contact isn't necessary. Well, it's because of the way, yes, you're correct that there are State cases of which that happens in assault, but it's the way that the statute has been written and the way it's been interpreted by this court. It hasn't been interpreted by this court, that one. Well, in United States v. Chapman, separating it, saying you have simple assault, which is a misdemeanor, and then the two felonies. So, but you are correct. The Ninth Circuit has not specifically come out and said. And what I'm saying is for the felonies, you do need the contact. But I don't know where that leads you to the conclusion that for the assault, you need no contact. That's where I'm having a problem. It's the way of how they're distinguishing between what separates a simple assault from the assault. But statutes overlap all the time. That is correct. And the. And, ma'am, doesn't U.S. v. Llewellyn, which is one where the defendant was convicted of assault, but the bottom line was that we had it on appeal on the fact that there was more than just no contact. There was contact. And the jury instructions in that particular case suggested that if we're going to get it on assault, it would not have contact. And so we had it up in front of us. And we said even though there was contact, one could have been guilty of assault, didn't we, in Llewellyn? I'm not familiar with that case, Your Honor. 481 Fed Third 695. 2007 case. So besides which, it seems to me that even on your theory of the statute, there are several scenarios on which one could conceivably come to the conclusion that there was some of which, some of the activity was subject to self-defense and some of it wasn't but was an assault without contact. And there are at least two. One is his gun theory and the other one is my diving theory. On either of those theories, there were incident, there were possible views of the evidence on which something happened that was a threat but didn't involve contact and the rest of it could have been subject to self-defense. And so even on your theory, why wasn't there a simple assault instruction appropriate? It's because as the district court found in this case, because the defendant testified that there was physical contact, according to the defendant, when he was trying to stop the agent and the district court found that there was, because there was physical contact, that took it out of the simple assault mode. Now if he hadn't, if the agent had been hitting him with the gun and the defendant had not had physical contact, had not tried to grab his arm and stop him and maybe tried to swing it. That was what he testified to. He testified that he, as I understand it, he testified that he didn't, except in self-defense, touch the agent. And one answer is, oh, but if they had found self-defense, then it wouldn't be  So it's a case where the defendant has not testified at all together, but there are ways to chop up the evidence as to which citizenship was used. Therefore, I'd like you to address harmless error. I'm sorry? I'd like you to address harmless error. Oh, harmless error. Well, in this case, as Judge Smith mentioned earlier, there, the error is harmless in this case because the jury found not only was there the assault, but there was, they went to 111B, finding that there was a dangerous weapon in fact used. Let's back up a minute. What is the case law about what harmless error? Does harmless error apply to this, and how does it apply? I'm not familiar with a case off the top of my head that has a situation similar to the one we have here. Like opposing counsel, I've seen the cases where they've had, where a lesser included instruction has not been given, and they've just automatically remanded it for that case. But in this case, where the jury's gone a step beyond and has convicted them of the most serious offense, and then there's been instructions on the, you know, in between assault fence, then I haven't seen the. Yeah, but first there's a conceptual problem, which is does harmless error apply to the failure to give a lesser included offense instruction that should have been governed at all? Does it? Do we have any case law about that? There could be case law, and I'm not familiar with it at this point. And what about, so you certainly don't know what kind of harmless error applies? Correct. Doesn't that leave us with something of a vacuum if nobody knows the answer to these questions? Well, I guess that would mean we need supplemental briefing on the issue, the specific issue. I don't know if either counsel or I were prepared to address that specific issue, because like I said, in this case, the defendant, the district court did not abuse its discretion, again, because the defendant was either guilty of the assault on a federal officer or, if the jury believed his version, of self-defense. But because there was the contact, he was not entitled to the simple assault. And we keep saying the same thing, but you haven't responded either to the question of why these statutes are set up that way or why you couldn't have a scenario which would have included both a period of self-defense and a period of assault without contact. Well, the district court, I guess, just viewed it as one entire incident instead of deciding. Was he entitled to do that? I'm sorry? Was the district court entitled to do that? I would think the district court would be entitled to do that, given all the facts. Why? I guess the judge could view it to. But that isn't the question. The question is how would the jury conceivably have viewed it? Well, the jury is free to accept some parts of the, you know, their jury is able to accept parts or none of the testimony given. Exactly. Exactly. So it could have constructed a scenario that was, that did include a simple assault, even on your theory of simple assault. Well, from my reading of the fact, well, I guess that is a possibility. Can I ask you a question? When the defendant dived for the agent's feet, is there any evidence as to whether he got so far as to reach his feet? From my reading of the facts was that there was contact. That's what I thought. I thought there was contact at that point. That was from my reading of the testimony. I read that very carefully, and I read it quite otherwise. My understanding was that what the officer said was I saw him coming, and I then went after him, and he never said he managed to touch me before I touched him. Absolutely not. With due respect, Your Honor, my time has run. I'd like to answer that. Yes, go ahead. From my reading, and I will, I can, we'll go back and reread it. But from my reading was that according to Agent Mendoza, he attacked Agent Mendoza, and it caused, and he dove at his legs, and correct, actually, I believe the agent testified that it caused the defendant to then fall backwards on the defendant's behind, and the agent landed on top of him. So I believe it's actually unclear who hit who first when the defendant dove at the agent. Okay. So the defendant dives at him, presumably gets close enough. I mean, certainly you could infer from it that his hands were around the feet of the agent, and the agent fell on him. Why did the agent fall on him if he didn't have contact? That's my reading. That's how I initially read it. He turned right into me and began to dive straight for my legs. And what did you do in response to that? I noticed that I had very little time to react. I decided to put a shoulder right into him. What happened when you put your shoulder down? You put a shoulder into him, and with his momentum, we were able to roll over, came across the back, he landed kind of on his rear end. So there's no statement that he ever touched his legs. There's no statement as to who made the first contact first. They just ended up together. So I had originally read it like Judge Noonan did, but seeing how you've read it, you're correct. There is no exact statement as to who hit whom first. So. Okay. Thank you very much. Counsel, I'll give you one minute in reparo. As I stated, every case that I've ever read where the court has gone through the analysis and concluded that a lesser instruction should have been given, I have never seen a court then conduct a harmless error analysis. It's been reversed because the jury should have been allowed to consider it. And under those circumstances, the case is reversed and remanded for a new trial. But you're really not telling us that you've ever seen a constitutional analysis of harmless error other than in a murder case, have you? I've read so many, I can't. Well, the bottom line is that we tried to do research on this to make some suggestion. And the only time I've seen a constitutional analysis suggesting that harmless error was unconstitutional was in a murder case. It's not been applied in any other case. So I was trying to see if you had such a. And I guess the point being that once the conclusion is reached that the instruction should have been given, the error is of such magnitude that it's reversed.  Thank you very much, counsel. The case of United States v. Rivera-Alonso is submitted.
judges: Noonan, Berzon, Smith